[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, J. Iapaluccio, Inc. (Iapaluccio), commenced this action against the City of Torrington (City) on August 25, 1994 for breach of contract arising out of the City's alleged award and subsequent revocation of a construction contract (contract) on a project known as "RCRA Subtitle D Closure of Municipal Solid Waste Landfill" (project). On June 14, 1995, Iapaluccio moved for summary judgment as to liability only against the City. The motion for summary judgment was granted by the court (Moraghan, J.), on November 13, 1995, when it was found as a matter of law that the City breached a valid and binding contract with Iapaluccio for the construction of the project.
The court, Moraghan, J., found that on June 3, 1994, Iapaluccio, in response to an invitation to bid circulated by the City, submitted a bid for the project. The City accepted Iapaluccio's bid, and awarded Iapaluccio the contract for the construction of the project. At all relevant times, Iapaluccio was ready, willing and able to perform the contract. The City, however, rescinded the contract by letter dated June 28, 1994, and awarded the project to an entity that had not submitted a bid during the open bidding process.
Having found liability against the defendant, this court held a hearing on the issue of damages on October 29, 1996. In addition to its claim for lost profits based on bid price less the cost of performance, Iapaluccio claims damages for what it calls "additional cost savings." This cost savings figure represents an additional profit margin Iapaluccio would have realized when, after submitting its bid to the City, Iapaluccio reduced its costs by obtaining lower rates for equipment rental and trucking. The City argues that while Iapaluccio may be CT Page 7470 entitled to reasonable, foreseeable lost profits arising from the breach, at the time of the contract, the City could not have reasonably foreseen the additional cost savings now claimed by Iapaluccio.
"The general rule in breach of contract cases is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as that which he would have been in had the contract been performed." (Internal quotation marks omitted.) West Haven Sound DevelopmentCorporation v. West Haven, 201 Conn. 305, 319, 514 A.2d 734
(1986). "[U]nless they are too speculative and remote, prospective profits are allowable as an element of damage whenever their loss arises directly from and as a natural consequence of the breach." (Internal quotation marks omitted.) Id., 320. "[D]amages are not recoverable for loss that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made." (Internal quotation marks omitted.) Id., 332-33.
Where a lost profit calculation is based on a single contract covering one transaction, and both parties have committed to a definite price in exchange for certain materials and services, lost profit is measured by the difference between the contract price and the amount it would have cost the contractor to perform in accordance with the plans and specifications. Retama ManorNursing Centers v. Cole, 582 S.W.2d 196 (Tex.Civ.App. 1979);Shark v. Shaw, 317 P.2d 182, 155 Cal.App.2d 171 (2d Dist. 1957), cert. denied, 356 U.S. 937, 2 L.Ed.2d 814, 78 S.Ct. 781
(1958).
In accordance with evidence presented by Iapaluccio, the court finds that Iapaluccio's lost profit with respect to the project, excluding interest, totals $184,395. These damages figures break down as follows:
 Original Anticipated Profit $210,420.00 (10% of bid of $2,104,200)
 Less Cost of Performance and Payment Bonds (21,157.00)
 Less Other Expenses Conceded by Counsel (5,000.00)
CT Page 7471
TOTAL LOST PROFITS $184,195.00
Iapaluccio claims further that in addition to the damages figures detailed above, it is entitled to additional cost savings arising from lower rates for equipment rental and materials trucking that Iapaluccio obtained after it submitted its bid to the City.
The court disallows Iapaluccio's claim for additional cost savings. The burden of proving damages is upon the party claiming such damages; United Aircraft Corp. v. International Associationof Machinists, 161 Conn. 79, 285 A.2d 330 (1971); Davis v. P.Gambardella Son Cheese Corp., 147 Conn. 365, 161 A.2d 583
(1960); and Iapaluccio presented no evidence to indicate that, at the time the contract was made, the City could have reasonably foreseen that after Iapaluccio was awarded the bid, it would obtain lower subcontract rates, thereby enhancing its profit margin. Because Iapaluccio did not meet its burden of proving that the City could have reasonably foreseen Iapaluccio's post-bid cost savings, Iapaluccio cannot recover these additional sums as part of its lost profits. See West Haven Sound DevelopmentCorporation v. West Haven, supra, 201 Conn. 332-33 ("[d]amages are not recoverable for loss that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made.").
Accordingly, the court awards breach of contract damages in the amount of $184,195, plus statutory interest and costs.
Grogins, J.